**IN THE UNITED STATE DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| EDWARD "COACH" WEINHAUS, | ) | |
| | ) | Case No. 1:25-cv-05101-JHL-GAF |
| Plaintiff, | ) | |
| | ) | Hon. Joan H. Lefkow |
| v. | ) | |
| | ) | |
| BARRY CHERNAWSKY, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |
| | ) | |
| | ) | |

**PLAINTIFF'S UNOPPOSED MOTION TO REMAND TO STATE COURT**

Pursuant to 28 U.S.C. § 1447(c), Plaintiff Edward "Coach" Weinhaus respectfully moves this Court to remand this action to the Nineteenth Judicial Circuit Court of Lake County, Illinois because Defendant Barry Chernawsky has failed to establish subject matter jurisdiction under 28 U.S.C. § 1332. Without agreeing to the merits of the argument, Defendant Barry Chernawsky does not oppose the motion for remand. Should the Court need to examine the basis for Remand, the rest of this motion details the lack of subject matter jurisdiction.

**SUMMARY**

Defendant has failed to establish subject matter jurisdiction for two reasons. First, Defendant, a citizen of Lake County, Illinois, where the state court is located, is attempting to use "snap removal." Second, Defendant has not met its burden of proving by a preponderance of the evidence that the amount in controversy exceeds $75,000, exclusive of interest and costs. In support of this motion, Plaintiff states as follows:

**PROCEDURAL BACKGROUND**

1) Plaintiff, a Missouri citizen, filed a five-count state court action on February 26, 2025, claiming damages that exceed $50,000.

2) The case was filed in state court – the Nineteenth Judicial Circuit Court of Lake County, Illinois with Case # 2025LA00000164.

3) Defendant Barry Chernawsky[1] is a citizen of Illinois and resides in Lake County, Illinois.

4) Plaintiff has made several unsuccessful attempts at service through the Lake County Sheriff.

5) On May 8, 2025, Defendant removed the state case to this Court under 28 U.S.C. § 1332(a) and 28 U.S.C. § 1441, purportedly meeting the diversity of citizenship standards and amount in controversy standards.

6) Defendant's removal employs "snap removal," a loophole to state citizenship requirements, and his lawyer's statement that damages would be greater than $75,000.

7) Plaintiff now moves to remand.

**"Snap Removal" Loophole To Gain Federal Jurisdiction Held Improper In This Court On February 3, 2025 in *West Bend Insurance Co. v. Sigler's Automotive & Body Shop, Inc.***

8) Defendant's notice of removal indicates it is attempting to use "snap removal." ECF #1.

9) "Snap removal" rests upon a theory that the law grants an *in-state* resident the ability to *escape his own hometown state courts* by removing the case to federal court where jurisdiction is otherwise lacking because he has done so prior to service. See 28 U.S.C. § 1441(b)(2).

10) As Defendant notes, district courts have, in the past, waivered on whether "snap removal" is allowable.

[1] The state case also names eight Respondents in Discovery under 735 ILCS 5/2-402 across various states (including Missouri, Illinois, and Arizona).

11) On February 3, 2025, the Hon. April M. Perry of this Court performed an exhaustive analysis of "snap removal" as to whether this "loophole…is inconsistent with the history, context, and purpose of section 1441(b)(2), frustrates the purposes of the overall statutory scheme in which it resides, and works against the long-standing guidance that most removal statutes are to be construed narrowly." *West Bend Insurance Co. v. Sigler's Automotive & Body Shop, Inc.*, No. 24-cv-11182, 2025 U.S. Dist. LEXIS 18691, at *10 (N.D. Ill. Feb. 3, 2025)."

12) In *West Bend*, the out-of-state plaintiff (like here) filed a suit against an Illinois defendant (like here) but was unable to effectuate service (like here) before the defendant removed the case to the Northern District of Illinois (like here). *Id.* at 2.

13) On precisely analogous facts, Judge Perry found that the "loophole" - *snap removal* - is not a basis for federal jurisdiction. *Id.* at *10. The case was remanded to state court.

14) Defendant is aware of the loophole controversy but leaves out Judge Perry's thoughtful response to the tactic. ECF #1 ¶10.

15) Plaintiff provides Judge Perry's opinion in *West Bend* as Exhibit A.

16) Plaintiff, for the reasons[2] stated in *West Bend*, believes removal is improper in this case and moves the Court to remand.

**Even Were The Court To Allow A "Snap Removal" Loophole, Defendant Has Not Met His Burden To Show That Damages Are Likely To Exceed $75,000**

17) The statute conferring diversity jurisdiction requires "the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs…". 28 U.S.C. § 1332(a),

18) The Complaint alleges damages exceeding $50,000.

[2] Plaintiff is a legal academic pursuing doctoral work in the law at Washington University in St. Louis, and will be conducting research about this very topic after defending his dissertation. His snap removal research paper's working title is "Tie Does Not Go To The Runner: A NewTheory Barring Snap Removal In Federal Court." It covers an alternative theory not addressed by Judge Perry as a basis for remand due to lack of subject matter jurisdiction.

19) Defendant contends that the amount in controversy meets the standard required.

20) Under 28 U.S.C. § 1446(c)(2)(B), the Court must find that a "preponderance" of the evidence is required to remove the case when a party objects. See *Weaver v. Speedway*, 28 F.4th 816, 818 n.2 (7th Cir. 2022) ("Had the plaintiff objected to removal, presumably the district court would have held Speedway to its burden to demonstrate the amount in controversy by the preponderance of the evidence.")

21) Here, the Plaintiff objects.

22) In his restatement of facts, the Defendant has stated:

> "…the Complaint that he commissioned two paintings from a 'world-renowned artist' and granted a life estate in the paintings to Defendant's wife while himself retaining the remainder." ECF #1 ¶ 3.

23) The Defendant uses 'scare quotes' to refer to the named artist in the Complaint, Olga Krimon. Complaint Introduction, ¶ 18. Throughout the Complaint, Ms. Krimon is defined as "ARTIST." Complaint, *passim*.

24) Defendants use of "world famous artist" is no issue – but using scare quotes, suggests either a state of disbelief, or rather, a suspicious nature, decrying the value of the items.

25) It would have been no consequence for Defendant to have looked up the artist[3] and any other claims to give a modicum of evidence as basis for the amount in controversy.

26) Instead, Defendants chose to scare-quote a suggestion of value. Defendants can appeal to the statute but cannot both mock that Ms. Krimon is an artist of repute and at the same time claim damages not pled.

27) Additionally, Defendant failed to allege any basis for the kind of evidence that would be persuasive in the face of questioning the art's value, even when presented opportunities to do so

[3] They could have googled her and priced her works in South Carolina, Los Angeles, or Ireland. https://www.olgakrimon.com/ .

prior to the filing. Complaint ¶ 42 (Plaintiff initiated settlement communications); *Workman v. United Parcel Serv., Inc.*, 234 F.3d 998, 1000 (7th Cir. 2000) (where plaintiff's pre-removal response to defendant provide substantive presumption of amount in controversy).

**WHEREFORE**, Plaintiff respectfully requests that this Court:

A) Remand this action to the state court of 19th Judicial Circuit Court of Lake County, Illinois, *Weinhaus v. Chernawsky*, Case No. 2025LA00000164;

B) Grant such other relief as the Court deems just and proper.

Dated: June 6, 2025

Respectfully submitted,

*/s/ Ryan M. Cleys/s/*
Ryan M. Cleys
ILND Bar #6326726
115 East Irving Park Rd. #936
Streamwood, IL 60107
(847) 217-7170
rmcleys@gmail.com
Counsel for Plaintiff

**CERTIFICATE OF SERVICE**

I, Ryan M. Cleys, do hereby certify that I have caused the above to be filed in the Court's ECF system.

Eugene E. Endress
TAFT STETTINIUS & HOLLISTER LLP
111 E. Wacker Dr., Ste. 2600
Chicago, IL 60601
phone: (312) 527-4000
fax: (312) 527-4011
email: gendress@taftlaw.com
Counsel for Defendant Barry Chernawsky

*/s/ Ryan M. Cleys/s/*
Ryan M. Cleys
ILND Bar #6326726
115 East Irving Park Rd. #936
Streamwood, IL 60107
(847) 217-7170
rmcleys@gmail.com
Counsel for Plaintiff